**Bernard JASKE and Pauline Jaske,**
Petitioners-Appellants,

v.

**COMMISSIONER OF INTERNAL
REVENUE SERVICE,**
Respondent-Appellee.

No. 86–3078.

United States Court of Appeals,
Seventh Circuit.

Argued April 20, 1987.

Decided June 26, 1987.

Jerrard Kuchler, Waukesha, Wis., for petitioners-appellants.

Jonathan Cohen, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before BAUER, Chief Judge,
POSNER, Circuit Judge, and WILL,
Senior District Judge.*

WILL, Senior District Judge.

This case involves the question of whether the acquisition by appellant, Pauline Jaske, from the estate of her deceased father, Russell Trupke, of two used tractors and two used trailers qualifies for an investment credit under the Internal Revenue Code ("Code"). The Tax Court held that it did not. We affirm.

## The Facts

Pauline Jaske's father, Russell Trupke, operated a trucking company until he died intestate in 1979. Upon his death, Jaske, who also operated a trucking business, purchased two tractors and two trailers from her father's estate. Jaske used the trucks in her trucking business and claimed an investment tax credit for the trucks on her tax return. The Tax Court denied the investment credit on the grounds that the property did not qualify under the Code as "used section 38 property" for which the

investment credit is available because it was previously used by Jaske's father, a "related person" under section 48(c)(1) of the Code.

## Discussion

Under section 38 of the Code, an investment tax credit is allowed for the cost of certain depreciable property. Subject to certain limitations, the amount of this credit is generally 10% of the taxpayers "qualified investment" which includes what is known as "used section 38 property." Section 48(c)(1) provides that the term "used section 38 property" means property acquired by purchase that has not been disqualified by prior use by the taxpayer or by a related person, as defined in section 179(d)(2)(A). The disqualifying relationships included in section 179(d)(2)(A) include the taxpayer's "spouse, ancestors, and lineal descendents."

In this case, the issue is whether the trucks and trailers are disqualified for investment tax credit because of prior use by a "related person." The Tax Court found them so disqualified because Jaske's father, a "related person" under section 179(d)(2)(A), had previously used the trucks.

Jaske argues on appeal that the investment credit should be allowed because permitting it would contravene neither the language of the statute nor the congressional intent to prevent misuse of the credit. More specifically, Jaske argues that she purchased the trucks not from her father but from her father's estate (an unrelated person), that her trucking business was separate from her father's, that there was a change in use as well as in ownership, and that this situation does not present the abuse (i.e., relatives continually transferring property between themselves and claiming investment tax credits) which Congress had in mind when it enacted the limitations on qualification for investment tax credit.

---

* The Honorable Hubert L. Will, Senior District Judge of the Northern District of Illinois, is sitting by designation.

Jaske argues that Congress added the investment credit to our tax laws to stimulate the nation's economy through investment, and that she has furthered that purpose by purchasing the assets of a pre-existing business and putting them to work in her own business. Accordingly, she contends that Congress' purpose in enacting the law should not be frustrated by applying the literal language of section 48(c)(1), that the court should liberally construe the statute to allow the credit where family members cannot abuse the law, and that because her father is deceased he should no longer be considered a related person under the statute.

The government makes two arguments in response. First, it contends that Jaske's position is foreclosed by the express language of the statute. It argues that, if Congress had intended a purchase to qualify for investment credit where the "related" prior user is *deceased* at the time of purchase and where the taxpayer uses the assets in a business separate from that of the prior related user, it would have written this exception into the statute.

In a related argument, the government rejects Jaske's attempt to establish that there was no prior *use* of the assets by a "related" person. Jaske argues that sole proprietorships are separate taxable entities from their owners, that her father's business was not related to her business, and therefore that there was no prior use by a prohibited family member. In response, the government correctly notes that, for tax purposes, a sole proprietorship has no separate legal identity from the proprietor. Thus, the disqualifying family use relationship described in the statute controls here.

Second, the government rejects Jaske's argument that the literal meaning of the statute should not control this case because of the absence of any possible tax avoidance purpose. The government points out that some sections of the Code do require taxpayers to have a tax avoidance purpose (*see e.g.,* section 269(a), section 355(a)(1)(D)); however, section 48(c)(1) does not contain such a requirement. Moreover, the legislative history of section 48(c)(1) contains no indication that a taxpayer's motive for purchasing "used section 38 property" is relevant to a determination of disqualification. It is clear from the legislative history that Congress wanted to prevent abuse arising from artificial transfers. To do so, it chose a mechanical, so-called "bright line," test which excludes any inquiry into motive or state of mind.

Jaske's contentions, while appealing, are irrelevant. Where a statute is unambiguous, there is no basis for judicial interpretation. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *Hutchinson v. Commissioner,* 765 F.2d 665 (7th Cir.1985). Similarly, the absence of a possible exception or condition to the application of a statute requires the conclusion that it was intentionally omitted unless the legislative history or other evidence makes it clear that the statute is not to be applied literally. *Crooks v. Harrelson,* 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156 (1930). No such evidence exists here.

Finally, in an earlier case involving the same statute, the Tax Court held that property owned by a family corporation and purchased at a foreclosure sale by a family member did not qualify, even though there was no tax avoidance motive or intent, because it had previously been used by the family corporation which the court found to be a related prior user under the statute. *Crawford v. Commissioner,* 70 T.C. 46 (1978). The father-daughter relationship here is obviously closer than the prior user relationship in *Crawford.*

The case law is clear that when Congress seeks to foreclose use of a tax avoidance device, it can establish objective rules that apply regardless of a taxpayer's motive and without regard to whether the abuse Congress intended to combat is present. *United States v. Davis,* 397 U.S. 301, 90 S.Ct. 1041, 25 L.Ed.2d 323 (1970). Such bright line, mechanical tests are designed to achieve simplicity, to provide predictability, and to obviate the need for case-by-case inquiry. So, even though the particular transaction here may not have been one of the tax abuse situations Congress sought

to prohibit when it enacted the investment credit provisions, the father's prior use of the tractors and trailers which his daughter, the taxpayer, purchased from his estate unquestionably disqualifies them under the statute. The Tax Court thus correctly held that they did not qualify for the investment tax credit.

The decision of the Tax Court is affirmed.