72 F.3d 133
 76 A.F.T.R.2d 95-8092, 96-1 USTC P 50,009
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Eugene BALKEN; Cheri Balken, Appellants,
v.
Commissioner of Internal Revenue, Appellee,
Brent JENKINS, Appellant,
v.
Commissioner of Internal Revenue, Appellee.
 No. 95-1060.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 24, 1995.
Filed Dec. 7, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eugene and Cheri Balken, husband and wife, and Brent Jenkins appeal from the tax court's[1] redetermination of deficiencies in and additions to their federal income taxes for 1986 and 1987. In its notices of deficiency, the Internal Revenue Service (Commissioner) contended petitioners had unreported net income from pulltab gambling winnings. We affirm.
 
 
 2
 On appeal, petitioners do not directly challenge the correctness of the tax deficiencies and additions upheld by the tax court. Rather, they argue the tax court erred in concluding the Commissioner's determinations of deficiency were entitled to a presumption of correctness, in denying their motion for litigation costs, and in refusing to allow Jenkins to deduct certain claimed bingo expenses.
 
 
 3
 We review do novo the tax court's legal determinations, and for clear error its findings of fact. Page v. Commissioner, 58 F.3d 1342, 1347 (8th Cir.1995).
 
 
 4
 We conclude the tax court correctly held the Commissioner's determinations of deficiency were entitled to a presumption of correctness. Determinations of deficiency are normally entitled to the presumption. Caulfield v. Commissioner, 33 F.3d 991, 993 (8th Cir.1994), cert. denied, 115 S.Ct. 1358 (1995). The presumption fails where the assessment is made without any foundation or supporting evidence. Dodge v. Commissioner, 981 F.2d 350, 353 (8th Cir.1992), cert. denied, 114 S.Ct. 58 (1993). The Commissioner generally must produce evidence linking taxpayers to a tax-generating activity before being entitled to the presumption. Day v. Commissioner, 975 F.2d 534, 537 (8th Cir.1992). Petitioners do not contend they are unconnected with the pulltab income; to the contrary, they stipulated that they had the amount of winnings indicated in the notices of deficiency. Although they take issue with the amount of costs allowed them in the notices of deficiency, because petitioners did not report their pulltab winnings and costs, the Commissioner had no choice but to attempt to determine their taxable income in some other reasonable manner. See id. at 537-38.
 
 
 5
 We also conclude the tax court did not abuse its discretion in denying petitioners' motion for litigation costs. See Kenagy v. United States, 942 F.2d 459, 463 (8th Cir.1991) (standard of review). A prevailing party may be awarded litigation costs. 26 U.S.C. Sec. 7430. A prevailing party is one that, inter alia, proves the position of the Commissioner in the proceeding was not substantially justified. 26 U.S.C. Sec. 7430(c)(4); Tax Court Rule 232(e) (moving party has burden of proof). The Commissioner's position is substantially justified if it has a reasonable basis in law or fact. See Barton v. United States, 988 F.2d 58, 59 (8th Cir.1993). To be substantially justified, however, the Commissioner's position does not necessarily have to be correct. See Kenagy, 942 F.2d at 464. Although we agree with petitioners that the Commissioner's policy of allowing $2 in costs for each winning pulltab could not accurately reflect petitioners' total pulltab costs, we note that the Commissioner allowed the maximum possible cost for each winning pulltab, and that petitioners failed to substantiate their claimed actual costs. Accordingly, we agree with the tax court that petitioners failed to prove the Commissioner's position was not substantially justified.
 
 
 6
 We finally conclude petitioners' argument that Jenkins is entitled to additional deductions for bingo expenses--raised for the first time in Jenkins' objection to the Commissioner's computation of tax liability for entry of decision--is not properly before the court. See Tax Court Rule 155(c) (arguments regarding computations for entry of decision confined strictly to correct computations in light of findings and conclusions of tax court); RTS Inv. Corp. v. Commissioner, 877 F.2d 647, 651 (8th Cir.1989) (argument first raised in Sec. 155 computation proceeding not timely raised in tax court); Caulfield, 33 F.3d at 993 (argument not properly raised in tax court not properly preserved for appeal).
 
 
 7
 Accordingly, we affirm the judgment of the tax court.
 
 
 
 [1]
 The Honorable Joel Gerber, United States Tax Court Judge