T.C. Memo. 2001-237


UNITED STATES TAX COURT


JOHN D. FAIRCHILD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21918-97.                Filed September 10, 2001.


John D. Fairchild, pro se.

<u>Linda R. Averbeck</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a $19,724 deficiency
in petitioner's Federal income tax for 1993 and a $4,931 addition
to tax under section 6651(a)(1)[1] for failure to timely file his
1993 return.

_____

   [1]  Unless otherwise stated, section references are to the
Internal Revenue Code in effect in 1993, and Rule references are
to the Tax Court Rules of Practice and Procedure.

After concessions,[2] we must decide the following issues:

1.  Whether we have jurisdiction to decide whether petitioner's 1993 tax liabilities were discharged in his 1999 bankruptcy proceeding.  We hold that we do not.  Neilson v. Commissioner, 94 T.C. 1, 8-9 (1990).

2.  Whether petitioner may deduct taxes and wages in amounts greater than respondent allowed.  We hold that he may not.

3.  Whether petitioner is liable for self-employment tax on income that he received from his business in 1993.  We hold that he is.

4.  Whether petitioner recognized $5,369 of capital gain income from the sale of stock in 1993.  We hold that he did.

5.  Whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to timely file his 1993 return.  We hold that he is.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  Petitioner

Petitioner lived in Hurricane, West Virginia, when he filed the petition in this case.  He was married in 1993 and divorced in 1995.

---

[2]  Respondent concedes that petitioner is entitled to a dependency exemption for his spouse and that disability insurance proceeds are not taxable income.

B.  Stan's Pawn Shop

Petitioner owned Stan's Pawn Shop.  He occasionally went to the shop to oversee its operations.  His former best friend and his nephew managed the shop.  His parents also worked there. Petitioner did not draw paychecks, have regular work hours, or receive Forms W-2, Wage and Tax Statement, or Forms 1099-MISC, Miscellaneous Income, from Stan's Pawn Shop.

Stan's Pawn Shop did not file a partnership return or Schedule K-1, Partner's Share of Income, Credits, Deductions, Etc., for 1993.

C.  Sale of Stock

In 1993, petitioner sold Hartmarx stock for $3,471, Keller stock for $11,296.20, and TINT stock for $8,013.04.  His basis was $1,959.65 for the Hartmarx stock, $11,123.80 for the Keller stock, and $5,315.52 for the TINT stock.  In 1993, he also received $12,560 from the sale of Cats 0% stock.[3]

D.  Petitioner's 1993 Income Tax Return

Petitioner received an extension to August 15, 1994, to file his 1993 Federal income tax return.  He filed his 1993 return on February 2, 1995.

Petitioner deducted $900 for self-employment health insurance on his 1993 Form 1040, Individual Income Tax Return.

---

[3]  There is no evidence in the record of petitioner's basis in the Cats 0% stock.

On his 1993 Schedule C, Profit or Loss From Business (Sole Proprietorship), for Stan's Pawn Shop, petitioner reported a net profit of $25,218 and deducted $29,978.80 for "Taxes and Licenses" and $63,000 for "Cost of Labor". Petitioner did not report any capital gains or losses from the sale of stock or any income from partnerships on his 1993 return. He did not attach a Schedule E, Supplemental Income and Loss (from rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.), to his 1993 return. Petitioner's spouse did not sign the 1993 return.

E.    Petitioner's 1999 Bankruptcy Proceeding

Respondent issued a notice of deficiency to petitioner on September 3, 1997. Petitioner filed a petition in this Court on November 5, 1997, and an amended petition on January 2, 1998.

On March 2, 1998, respondent assessed $19,724 for petitioner's 1993 income taxes. On September 7, 1998, respondent abated the $19,724 assessment, a $4,931 delinquency penalty, and $9,899.15 in interest.

On April 8, 1999, the Tax Court calendared this case for trial at a trial session beginning September 13, 1999. Petitioner filed a petition in the United States Bankruptcy Court for the Southern District of Ohio on July 30, 1999. On September 10, 1999, the Tax Court stayed proceedings in this case and continued the case from the September 13, 1999, trial session.

The bankruptcy court discharged petitioner's bankruptcy petition on November 3, 1999.  The Tax Court lifted the stay of proceedings on March 1, 2000.

## OPINION

A.  <u>Whether the Tax Court Has Jurisdiction To Decide Whether Petitioner's 1993 Tax Liabilities Were Discharged in His 1999 Bankruptcy Proceedings</u>

Petitioner contends that his 1993 Federal income tax liabilities were discharged in his 1999 bankruptcy proceedings. Respondent contends that only assessed taxes may be discharged in bankruptcy.  11 U.S.C. sec. 507(a)(8)(A)(iii) (1994)).[4]  Neither

---

[4]  11 U.S.C. sec. 507(a)(8) (1994) provides in pertinent part:

> (a) The following expenses and claims have priority in the following order:
>
> \*    \*    \*    \*    \*    \*    \*
>
> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for--
>
>> (A) a tax on or measured by income or gross receipts--
>>
>>> (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>>>
>>> (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the

party contends that we lack jurisdiction to decide this issue. However, we may question our jurisdiction sua sponte at any stage of the proceedings. <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 272 (2001); <u>Neely v. Commissioner</u>, 115 T.C. 287, 290 (2000); <u>Smith v. Commissioner</u>, 96 T.C. 10, 13-14 (1991).

This is an income tax deficiency case. In a deficiency case, we lack jurisdiction to decide whether petitioner's tax liability was discharged in bankruptcy. <u>Moody v. Commissioner</u>, 95 T.C. 655, 658 (1990); <u>Neilson v. Commissioner</u>, 94 T.C. at 8-9; <u>Graham v. Commissioner</u>, 75 T.C. 389, 399 (1980); <u>Swanson v. Commissioner</u>, 65 T.C. 1180, 1184 (1976); <u>Fotochrome, Inc. v. Commissioner</u>, 57 T.C. 842, 847 (1972). Thus, we will deny petitioner's motion to dismiss on the grounds that his 1993 liability for income tax and additions to tax was discharged in bankruptcy. We do, however, have jurisdiction to redetermine the deficiencies and additions to tax that respondent determined in this case. <u>Neilson v. Commissioner</u>, <u>supra</u> at 6-8; <u>Graham v. Commissioner</u>, <u>supra</u> at 398-399.

---

date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

In his brief, petitioner contends only that his 1993 liabilities were discharged in bankruptcy. He does not address any of the issues raised in the notice of deficiency. We may treat those issues as conceded by petitioner. Rothstein v. Commissioner, 90 T.C. 488, 497 (1988); Burbage v. Commissioner, 82 T.C. 546, 547 n.2 (1984), affd. 774 F.2d 644 (4th Cir. 1985); Reaves v. Commissioner, 31 T.C. 690, 721-722 (1958), affd. 295 F.2d 336 (5th Cir. 1961). However, for reasons discussed next, the result would be the same if we did not treat those issues as conceded.

B. Whether Petitioner May Deduct Expenses for Labor and Taxes in Amounts Greater Than Respondent Allowed

Petitioner deducted labor expenses of $63,000 on Schedule C of his 1993 return. Respondent determined that petitioner did not substantiate $25,519 of those expenses.[5] At trial, petitioner testified that he had no evidence to support his position, but he said that the Social Security Administration does.

Petitioner deducted $29,978.80 for "Taxes and Licenses" on his 1993 return. Respondent determined that petitioner did not substantiate $19,896 of that amount.[6] Petitioner testified

_____

[5] Respondent concedes that petitioner had labor costs of $37,481.

[6] Respondent concedes that petitioner paid taxes and licenses expenses of $10,082.80 in 1993.

generally that taxes were paid to the City of Louisville, the County of Jefferson, and the Commonwealth of Kentucky. However, he did not say when, how much, or by whom those taxes were paid, or provide any corroboration for his testimony.

Petitioner did not meet his burden of proof.[7] We conclude that petitioner may not deduct the cost of labor and taxes in amounts greater than respondent allowed for 1993.

C.    Whether Stan's Pawn Shop Was a Partnership in Which Petitioner Held a One-Third Interest

Petitioner concedes that Stan's Pawn Shop had a profit of $25,218 in 1993. However, he contends that he is liable for income tax on only one-third of that income because Stan's Pawn Shop was a partnership in which he held a one-third interest. He testified that his partners were his former spouse and his former best friend (otherwise unidentified in the record) who is now deceased. We disagree that petitioner is liable for only one-third of the income of Stan's Pawn Shop.

Petitioner reported income and expenses for Stan's Pawn Shop as a sole proprietorship on Schedule C of his 1993 return. Stan's Pawn Shop did not file a partnership return or Schedules

---

[7] Sec. 7491, relating to the burden of proof, applies to court proceedings arising in connection with examinations beginning after July 22, 1998. See Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), (c), 112 Stat. 685, 726. The examination here began before that date. Thus, sec. 7491 does not apply.

K-1 for 1993, as would have been required if it had been a partnership.  Sec. 6031(a) and (b).  Petitioner did not report any partnership income on his 1993 return.  Petitioner offered no documents and called no witnesses to corroborate his testimony that Stan's Pawn Shop was a partnership in 1993.  We are not convinced that Stan's Pawn Shop was a partnership in 1993.

Petitioner contends that he is not liable for tax on $25,218 because the business kept that amount and made no cash distribution to him.  We disagree.  Stan's Pawn Shop had net income of $25,218.  For tax purposes, a sole proprietorship has no separate legal identity from its proprietor.  Jaske v. Commissioner, 823 F.2d 174, 176 (7th Cir. 1987), affg. T.C. Memo. 1986-454.  Petitioner is liable for income tax on the $25,218, whether or not Stan's Pawn Shop distributed that amount in cash to him.  Id.

We conclude that petitioner is liable for tax on $25,218 of net income from Stan's Pawn Shop in 1993.

D.   Whether Petitioner Is Liable for Self-Employment Tax

Petitioner contends that he is not liable for self-employment tax on income from Stan's Pawn Shop because it was a partnership.  We disagree for reasons discussed at paragraph C, above.

Petitioner contends that he is not liable for self-employment tax because he was not an employee of Stan's Pawn Shop

and did not receive Forms W-2 or Forms 1099.  He testified that he went to Stan's Pawn Shop from time to time to oversee its operations and did not work a specific schedule.  He contends that these facts show that he was not employed or self-employed. We disagree.

Taxpayers who derive net earnings from self-employment of $400 or more are liable for self-employment tax.  Sec. 6017. Self-employment income consists of the net earnings from a trade or business carried on by an individual through a sole proprietorship.  Sec. 1.1401-1(c), Income Tax Regs.; see also Parrish v. Commissioner, T.C. Memo. 1997-474, affd. 168 F.3d 1098 (3d Cir. 1999).  Petitioner must take into account all of the income and deductions of his sole proprietorship in computing his 1993 self-employment tax.  Sec. 1402(a)(5)(A).  The fact that he received no wages from Stan's Pawn Shop and did not work regularly at Stan's Pawn Shop does not affect whether he derived income from his business because he and Stan's Pawn Shop are not separate legal entities for tax purposes.  Jaske v. Commissioner, supra.  Thus, the net income that he derived from Stan's Pawn Shop is subject to self-employment tax.  Sec. 1402.  We conclude that petitioner is liable for self-employment tax on the $25,218 that he reported on his 1993 tax return as net income of Stan's Pawn Shop in 1993.

E.   Whether Petitioner Realized $5,369 of Capital Gains From the Sale of Stock in 1993

Respondent determined that petitioner is liable for capital gains tax on $5,369 of capital gains that he realized from the sale of stock in 1993.  Petitioner contends that he had a $34,000 loss from the sale of stock in 1993 that offset any gain he may have had in that year.  We disagree.

Petitioner offered no evidence to corroborate his claim that he had a $34,000 loss.  We are not convinced that petitioner had a $34,000 loss from the sale of stock in 1993.

Petitioner contends that proof of his claim that he had losses in 1993 on stock sales can be obtained from his stock brokerage firm.  Petitioner did not identify the stock brokerage firm.  The record is now closed.  Petitioner has not shown that the brokerage records were not available for use at trial or could not have been obtained with reasonable diligence.  Merely alleging that evidence can be obtained is not a sufficient basis to reopen the record.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 332-333 (1971); Purex Corp. v. Procter & Gamble Co., 664 F.2d 1105, 1109 (9th Cir. 1981); Mayer v. Higgins, 208 F.2d 781, 783 (2d Cir. 1953); Calcutt v. Commissioner, 91 T.C. 14, 25 (1988); Dean v. Commissioner, 56 T.C. 895, 900 (1971).

We conclude that petitioner is liable for capital gains tax on $5,369 that he realized from the sale of stock in 1993.

F.   Whether Petitioner Is Liable for the Addition to Tax For
     Failure To Timely File His 1993 Return

Petitioner contends that he is not liable for the addition to tax under section 6651(a)(1) for failure to timely file his 1993 return because he could not get information from his former spouse.  We disagree.

A taxpayer must show that late filing of a return was due to reasonable cause and not due to willful neglect to avoid the addition to tax under section 6651(a)(1) for failure to timely file a return.  Sec. 6651(a)(1).  Petitioner did not show that he took reasonable steps to obtain data from other sources, that he could not have prepared his 1993 return without his former spouse's cooperation, or that he had reasonable cause for filing his 1993 return late.  We conclude that petitioner is liable for the addition to tax under section 6651(a)(1) for failure to timely file his 1993 return.

To reflect concessions and the foregoing,

An order will be issued
denying petitioner's motion to
dismiss, and decision will be
entered under Rule 155.