T.C. Memo. 2010-55

UNITED STATES TAX COURT

ROBERT WEISBERG AND JULIE PETERSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21157-07.                    Filed March 22, 2010.

        P owned shares in an S corporation and in 2000
personally guaranteed a line of credit to the
corporation.  The S corporation incurred losses in
2003, and P deducted $199,141 of those losses on his
2003 income tax return.  In March 2004 P personally
took out a loan and paid off the corporation's line of
credit in the amount of $150,174.  The IRS disallowed
the 2003 loss on the grounds that P had insufficient
basis in the S corporation and determined a tax
deficiency, a late-filing addition to tax, and an
accuracy-related penalty.

        <u>Held</u>:  P's guaranty of the S corporation's line of
credit did not increase his basis in the S corporation
during the year in issue.  Therefore P may not deduct
the loss in 2003.

        <u>Held</u>, <u>further</u>:  P is liable for the late-filing
addition to tax under sec. 6651(a)(1), I.R.C., and the
accuracy-related penalty under sec. 6662(a), I.R.C.

Robert Weisberg, pro se.

Thomas M. Regan and Michael E. O'Brien, for petitioner Julie Peterson.

Lisa R. Woods, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GUSTAFSON, Judge:  The Internal Revenue Service (IRS) issued to petitioners Robert Weisberg and Julie Peterson a notice of deficiency for taxable year 2003 pursuant to section 6212,[1] showing the IRS's determination of a deficiency in income tax of $100,803, an addition to tax under section 6651(a)(1) for failure to file timely, and an accuracy-related penalty under section 6662(a).[2]  Petitioners brought this case pursuant to section 6213(a), asking this Court to redetermine the deficiency.

_____

[1]Unless otherwise indicated, all citations of sections refer to the Internal Revenue Code of 1986 (the Code, 26 U.S.C.), as amended, and all citations of Rules refer to the Tax Court Rules of Practice and Procedure.

[2]The notice of deficiency was not offered into evidence. However, a copy of it was attached to the petition; and though respondent's answer alleged an omission of two pages (Form 4089-B, Notice of Deficiency--Waiver), the omission is not material, and respondent otherwise alleged the same document to be the notice of deficiency.  Consequently, the notice of deficiency is judicially admitted, and "Judicial admissions 'eliminate the need for evidence on the subject matter of the admission,' as admitted facts are no longer at issue."  Ferguson v. Neighborhood Housing Servs. of Cleveland, Inc., 780 F.2d 549, 550-551 (6th Cir. 1986) (quoting Seven-Up Bottling Co. v. Seven-Up Co., 420 F. Supp. 1246, 1251 (E.D. Mo. 1976), affd. 561 F.2d 1275 (8th Cir. 1977)).

After concessions,[3] the issues for decision are whether Mr. Weisberg is entitled to deduct a loss of $199,141 from his law firm Weisberg & Associates, Inc., and whether he is liable for the late-filing addition to tax and the accuracy-related penalty for tax year 2003.

## FINDINGS OF FACT

At the time they filed their petition, the petitioners resided in Minnesota. The following facts are based on Mr. Weisberg's testimony and the four exhibits that were offered into evidence.

In the year in issue, Mr. Weisberg was an attorney. He was a shareholder (apparently the 100-percent shareholder, though the record is not clear) of Weisberg & Associates, an S corporation through which he practiced law.

In February 2000 (i.e., before the year in issue), Firstar Bank issued a $200,000 line of credit to Weisberg Personal Injury Lawyers, P.A., which we assume to be a predecessor to Weisberg & Associates. Mr. Weisberg personally guaranteed repayment of the loan. The proceeds of that line of credit were used for business expenses of Weisberg & Associates. Weisberg & Associates

---

[3]The parties stipulated that Ms. Peterson is entitled to relief from joint liability pursuant to section 6015(c). Although there are three adjustments to income reflected on item 7 of Form 5278, Statement--Income Tax Changes, attached to the notice of deficiency, paragraph 4 of the petition puts at issue only one of those three--i.e., the loss disallowance addressed in this opinion.

incurred losses in 2003, of which Mr. Weisberg's share was $199,141.

As of March 2004 Weisberg & Associates owed $150,174.21 on the Firstar line of credit. In that month Mr. Weisberg personally borrowed $250,000 from Bremer Bank and used $150,174.21 of the loan proceeds to pay off Weisberg & Associates' Firstar line of credit.

In 2004 Mr. Weisberg received extensions of time to file the petitioners' Federal income tax return for the year 2003, and it was due to be filed October 15, 2004. An accounting firm prepared the Federal income tax return, and it was filed on November 29, 2004. The return reported income from a variety of sources but claimed from Weisberg & Associates a loss of $199,141, which reduced the total taxable income that otherwise would have been reported. The return reported a total tax due of $99,760.

In its notice of deficiency issued in June 2007, the IRS disallowed the Weisberg & Associates loss on the grounds that "Your flow-through loss from your S Corporation is limited to your basis." (Neither in the notice of deficiency nor in this lawsuit did the IRS dispute the underlying deductions of Weisberg & Associates that gave rise to the claimed loss.) The notice of deficiency determined a total corrected tax liability of $200,563 and a consequent deficiency of $100,803.

In September 2007 Mr. Weisberg and Ms. Peterson timely filed their petition disputing that deficiency.

OPINION

## I. Burden of Proof

The IRS's deficiency determinations are generally presumed correct; and Mr. Weisberg, as a petitioner in this case, has the burden of establishing that the determinations in the notice of deficiency are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Mr. Weisberg does not argue that the burden of proof has shifted under section 7491(a), and the record suggests no basis for such a shift. With respect to additions to tax and penalties, the Commissioner bears the burden of production, and he must produce sufficient evidence showing that it is appropriate to impose an addition to tax or penalty in a particular case. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Rule 142(a); Higbee v. Commissioner, supra at 447.

## II. S Corporation Pass-Through Loss

Subchapter S of the Code provides that a qualifying small business corporation that makes the proper election (referred to as an "S corporation", sec. 1361(a)) is generally not subject to income tax. Sec. 1363(a). Rather, its items of income,

deductions, credits, and losses pass through to its shareholders, sec. 1366(a)(1), who then claim those items on their own income tax returns.

However, an S corporation shareholder may not claim a loss deduction greater than his basis in the S corporation, sec. 1366(d)(1), with "basis" in this context consisting essentially of his investment in the corporation.  A taxpayer who claims a loss from an S corporation must establish his basis in the S corporation.  Bergman v. United States, 174 F.3d 928, 931-933 (8th Cir. 1999); Parrish v. Commissioner, 168 F.3d 1098, 1102 (8th Cir. 1999), affg. T.C. Memo. 1997-474.

The record contains no information concerning Mr. Weisberg's basis in Weisberg & Associates before 2000.  In that year he personally guaranteed a line of credit for the firm.  Under certain conditions, debt can contribute to a shareholder's basis in an S corporation, but those conditions are not satisfied here. As we stated in Spencer v. Commissioner, 110 T.C. 62, 83-84 (1998), affd. without published opinion 194 F.3d 1324 (11th Cir. 1999):

> This court has held that mere shareholder guaranties of S corporation indebtedness generally fail to satisfy the requirements of section 1366(d)(1)(B) (i.e., economic outlay plus a direct indebtedness between the corporation and its shareholders).  * * * No form of indirect borrowing, including a guaranty, gives rise to indebtedness from the corporation to the shareholders for such purpose until and unless the shareholders pay part or all of the obligation.  * * * Prior to that crucial act, liability may exist, but not

> debt to the shareholder. * * * This Court also has held that the mere guaranty of a loan does not involve any economic outlay. * * * <u>Until the guarantor pays the obligation</u>, the guarantor does not have an actual investment. * * * [Citations omitted; emphasis added.]

Mr. Weisberg's 2000 guaranty of the firm's line of credit did not, by itself, increase his basis in the S corporation. Consequently, there is no evidence that in 2003 he had a basis in any amount.

In March 2004 Mr. Weisberg incurred his own personal loan and used it to pay off the firm's line of credit. We may assume, for argument's sake, that by that act he did increase his basis in the S corporation by $150,174. However, the year in issue here is 2003, and that act in March 2004 did not increase his basis in 2003. Consequently, Mr. Weisberg has not shown that he is entitled to claim any portion of the loss in 2003. (Section 1366(d)(2) and (3) provides the rules for carrying such a loss over to later years, but Mr. Weisberg's later years are not at issue here.)

III. <u>Section 6651(a)(1) Addition to Tax</u>

Section 6651(a)(1) imposes an addition to tax "[i]n case of failure * * * to file any return * * * on the date prescribed therefor". The 2003 income tax return was due October 15, 2004 (on account of extensions that the IRS had granted), but the return was not filed until more than a month later, on November 29, 2004. Respondent has thus shown that the late-

filing addition to tax is properly imposed. Mr. Weisberg has not shown reasonable cause for not timely filing the 2003 return or that the failure was not due to willful neglect. Sec. 6651(a)(1). He is therefore liable for the addition to tax under section 6651(a)(1), and he has not alleged any error in the IRS's computation of that addition.

## IV. Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes an "accuracy-related penalty" of 20 percent of the portion of the underpayment of tax attributable to any substantial understatement of income tax. By definition, an understatement of income tax is substantial if it exceeds the greater of $5,000 or "10 percent of the tax required to be shown on the return". Sec. 6662(d)(1)(A).

Mr. Weisberg's return reported a total tax due of $99,760; the notice of deficiency (which we have upheld on the only point in dispute) determined a liability (i.e., "the tax required to be shown on the return") of $200,563; and the resulting deficiency in tax is $100,803. Since 10 percent of the tax required to be shown is $20,056, the underpayment is well in excess of that amount, and respondent has thus carried his burden, under section 7491(c), of producing evidence that Mr. Weisberg is liable for a penalty equal to 20 percent of $100,803, i.e., $20,160.60.

A taxpayer who is otherwise liable for the accuracy-related penalty may avoid the liability if he successfully invokes one of three other provisions:  Section 6662(d)(2)(B) provides that an understatement may be reduced, first, where the taxpayer had substantial authority for his treatment of any item giving rise to the understatement or, second, where the relevant facts affecting the item's treatment are adequately disclosed and the taxpayer had a reasonable basis for his treatment of that item. Mr. Weisberg made no showing that would implicate these provisions.

The third provision available to a taxpayer who resists the accuracy-related penalty is section 6664(c)(1), which provides that, if the taxpayer shows that there was reasonable cause for a portion of an underpayment and that he acted in good faith with respect to such portion, no accuracy-related penalty shall be imposed with respect to that portion.  Whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the extent to which he relied on the advice of a tax professional.  Sec. 1.6664-4(b)(1), Income Tax Regs. (26 C.F.R.)  Mr. Weisberg's 2003 tax return was prepared by an accounting firm, which might indicate reliance on the advice of a tax professional; but Mr. Weisberg gave no testimony about the information he provided to that firm (in particular, information about his basis in his S corporation) nor

about any advice he received or relied on.  Thus, Mr. Weisberg made no showing of reasonable cause--neither on the grounds of reliance on professional advice nor on any other grounds.

To reflect the foregoing,

<u>Decision will be entered in favor of petitioner Julie Peterson, granting her relief from joint liability under section 6015(c), and will be entered in favor of respondent, sustaining the deficiency against petitioner Robert Weisberg</u>.