Henry J. LANGER; Patricia
K. Langer, Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 92–1717.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1992.

Decided Dec. 2, 1992.

Rehearing Denied Dec. 30, 1992.

Jay B. Kelly, St. Paul, Minn., argued, for appellant.

Sara Ann Ketchum, Washington, D.C., argued (Gary R. Allen and Charles E. Brookhart, on the brief), for appellee.

Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

The Commissioner of Internal Revenue disallowed several deductions Henry and Patricia Langer claimed on their 1983 income tax return and imposed a penalty on the Langers for negligently underpaying their tax. The tax court affirmed the Commissioner, and the Langers appeal. We affirm.

In 1983, Henry was an Internal Revenue Service (IRS) investigator. Patricia operated an extensive piano lesson business in the Langers' home, teaching more than 70 students a year. Patricia was also a partner in a greeting card business Patricia started in 1982 with her two sisters. Henry helped the fledgling partnership by running errands in his car and handling the bookkeeping. In November 1983, Henry purchased a van to help the partnership meet increasing delivery demands.

On their 1983 tax return, the Langers claimed a 50% home office deduction based on Patricia's piano lesson business. In connection with the partnership, the Langers claimed deductions for Henry's travel ex-

penses for the use of his car and van, and an investment tax credit for the van. The Langers also took a deduction for Henry's unreimbursed IRS car expenses and a large deduction for noncash charitable contributions consisting mostly of old clothes. The Commissioner allowed only 13% of the Langers' home office deduction and disallowed the remaining deductions and the investment tax credit. In addition, the Commissioner assessed the Langers a penalty for negligent underpayment. After a hearing, the tax court affirmed the Commissioner's determinations, but allowed part of the charitable contribution deduction. The tax court disallowed the deductions for Henry's use of his car and van for the partnership because Henry was not a partnership employee.

■ Initially, the Langers contend they are entitled to their claimed home office deduction for Patricia's piano lesson business because when students were in their home, 50% of the home was used for business. We disagree. Under 26 U.S.C. § 280A(c)(1) (1983), a deduction is only allowed for "a portion of the dwelling unit which is exclusively used on a regular basis" in the taxpayers' business. To claim a 50% deduction, the Langers must show that half of their home was used exclusively for piano lessons and no personal or household activities took place in that half. *See Cadwallader v. Commissioner*, 919 F.2d 1273, 1275 (7th Cir.1990). The Langers admit rooms they included in the half served family purposes when piano lessons were not taught. We conclude the tax court's finding that 13% of the home was exclusively used for business is not clearly erroneous.

■ Second, the Langers contend they are entitled to their deductions for Henry's travel expenses for using his car and van on partnership business. The Langers deducted 75% of their total van expenses for 1983 and 71% of Henry's total yearly car expenses. Although the tax court disallowed the deductions because Henry was not a partnership employee, we conclude these expenses should be disallowed because the Langers did not provide adequate substantiation.

A taxpayer cannot deduct travel expenses under 26 U.S.C. § 162 unless the taxpayer meets the substantiation requirements of § 274(d). The taxpayer must substantiate the amount, time, place, and business purpose of each travel expenditure "by adequate records or by sufficient evidence corroborating [the taxpayer's] own statement." Treas.Reg. § 1.274–5(c) (1983). To substantiate expenditures with "adequate records," a taxpayer must keep an account book or similar record along with supporting documentary evidence that together establish each element of the expenditure. *Id.* § 1.274–5(c)(2)(i). To show substantiation by other "sufficient evidence," the taxpayer must establish each element by the taxpayer's own detailed statement and by corroborating evidence. *Id.* § 1.274–5(c)(3).

The only documentation the Langers provide to support the deductibility of Henry's van and car expenses are gas receipts. Henry did not keep track of his mileage or record the dates or locations of partnership trips. The gas receipts do not reflect the amount, time, place, or business purpose of any individual business travel expenditure. Contrary to the Langers' position, these receipts, without an accompanying account book, are not adequate records. Although receipt information need not be copied into an account book, an account book must be kept to "complement" the receipts "in an orderly manner." *Id.* § 1.274–5(c)(2)(i). The receipts alone offer no way to determine the percentage of the total travel costs expended on business. The Langers concede the gas receipts are ambiguous because the Langers presented every receipt "regardless of whether the receipt was for gas used in connection with Internal Revenue business, [partnership] business or for personal purposes." Appellants' Brief at 23.

The Langers also did not substantiate the expenses with sufficient evidence corroborating their own statements. The Langers' general testimony that the vehicles were used for partnership business does not establish which vehicle expenses are business expenses. *See Berkley Mach.*

*Works & Foundry Co. v. Commissioner,* 623 F.2d 898, 906–07 (4th Cir.), *cert. denied,* 449 U.S. 919, 101 S.Ct. 317, 66 L.Ed.2d 147 (1980). Further, the gas receipts showing the total expenses do not corroborate the Langers' estimated percentages of time Henry used the van and the car for business. *See Meridian Wood Prods. Co. v. United States,* 725 F.2d 1183, 1190 (9th Cir.1984).

The Langers argue the substantiation requirements of § 274(d) do not apply to local travel expenses. *See Palo Alto Town & Country Village, Inc. v. Commissioner,* 565 F.2d 1388, 1391 (9th Cir.1977). The Langers' gas receipts, however, do not show that their claimed expenses are for local travel. Indeed, Patricia and her sister testified Henry drove his car on long-distance trips for the partnership. Nevertheless, if some of the expenses were for local travel, the Langers must still show the local travel expenses were ordinary and necessary business expenses proximately related to the partnership under § 162. *See Sanford v. Commissioner,* 50 T.C. 823, 826 (1968), *aff'd,* 412 F.2d 201 (2d Cir.), *cert. denied,* 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969). Because the Langers have not satisfied this initial burden, we conclude the Langers are not entitled to these deductions.

Third, the Langers contend they are entitled to a deduction for Henry's unreimbursed travel expenses for the IRS. The Langers failed to submit the proper statement substantiating any deductible travel expenses Henry incurred in excess of the IRS reimbursements. *See* Treas.Reg. § 1.274–5(e)(2)(iii) (1983). Thus, we conclude the Langers are not entitled to this deduction.

■ Fourth, the Langers contend they are entitled to an investment tax credit for the van. Because the Langers failed to substantiate the business use of the van, we conclude the Langers did not establish that the van qualifies for an investment credit under 26 U.S.C. § 38.

Fifth, the Langers contend the tax court committed error in not allowing the total claimed deduction for noncash charitable contributions. We conclude the tax court's finding of the contributions' value is not clearly erroneous.

■ Finally, the Langers contend there is no basis to support the tax court's conclusion the Langers negligently underpaid their taxes. We disagree. The record shows the Langers unreasonably claimed business deductions for travel expenses without adequate substantiation required by § 274(d). The record also reflects the Langers claimed a home office deduction without regard to the exclusivity requirement of § 280A. The tax court's conclusion that the Langers unreasonably reported their income is not clearly erroneous. *See Chase v. Commissioner,* 926 F.2d 737, 740 (8th Cir.1991). Thus, we conclude the Langers must pay the tax penalty for negligence under 26 U.S.C. § 6653(a).

Accordingly, we affirm.