Henry J. LANGER and Patricia K. Langer, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 92–2797.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1993.

Decided March 30, 1993.

Appellants proceeded pro se.

Gary R. Allen, Richard Farber and Sara Ann Ketchum of Dept. of Justice, Washington, DC, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Henry J. Langer and Patricia Langer appeal the decision of the United States Tax Court concerning their 1984, 1985, and 1986 joint tax returns. The Tax Court[1] denied them an investment tax credit and some of the deductions they claimed for the business use of their home, found they improperly failed to include a $7,500.00 settlement in their taxable income for 1984, and charged them with additions to tax under 26 U.S.C. §§ 6653(a) and 6661. We affirm.

### I.

The Langers carry on two businesses from their home. The first, "i care, inc.," is a corporation of which Patricia Langer is an officer. The corporation rents office space from the Langers. The parties do not dispute the allocation of space for "i care, inc." Patricia Langer also maintains an extensive piano studio in their home. It is the amount of space in the home exclusively used for the piano studio which is in dispute here.

The Langers claim a business-use deduction under 26 U.S.C. § 280A for areas of their house which are next to the room where Patricia Langer teaches piano lessons. In order to claim such a deduction, the Langers must show that the claimed portion of their home was used "exclusively for piano lessons and no personal or household activities took place" in that part. *Langer v. Commissioner*, 980 F.2d 1198, 1199 (8th Cir.1992). The Tax Court found the Langers had not met the exclusive-use requirement of § 280A(c)(1). *Langer v. Commissioner*, T.C.Memo. 1992–46, at 12.

What use the Langers made of the different parts of their home is a question of fact. On appeal, we will uphold the Tax Court's findings of fact unless they are clearly erroneous. *Musco Sports*

*Lighting, Inc. v. Commissioner*, 943 F.2d 906, 907 (8th Cir.1991). "We will not find clear error if the tax court's account is plausible in light of the record viewed in its entirety, even if we would have weighed the evidence differently." *Moser v. Commissioner*, 914 F.2d 1040, 1044 (8th Cir. 1990). Considering the record as a whole, we see how the Tax Court could have found that the Langers used the disputed areas for purposes other than piano lessons. In any event, the Tax Court's finding is not clearly erroneous.

Also in connection with the piano studio, the Langers claim an investment tax credit, under 26 U.S.C. § 38, for such things as exterior lighting, intercom and telephone systems, and furniture. The Commissioner disallowed the entire credit. The burden then shifted to the Langers to produce evidence that would prove Commissioner's ruling was wrong. *Musco Sports Lighting, Inc. v. Commissioner*, 943 F.2d at 907. The Tax Court rejected the Langers' claim of a business use for the telephone and intercom systems and held that the Langers had not met their burden of proving a business use for the rest of the personalty.

Once again, we cannot say that the Tax Court's factual findings are clearly erroneous. In order to receive a § 38 tax credit after the Commissioner's adverse ruling, the Langers had to prove the sole use of the personalty was by the piano studio. The only evidence of this the Langers offered was their own, uncorroborated testimony. Whether or not to believe particular testimony is a question for the finder of fact—in this case, the Tax Court. We cannot say the Tax Court was clearly erroneous in choosing not to believe the Langers.

### II.

The parties dispute how the rent the Langers receive from "i care, inc." should be allocated. The Commissioner determined that the amount of rent the Langers received exceeded the fair rental value of

---

**1.** The Hon. Mary Ann Cohen, Judge, United States Tax Court.

the space and equipment used by the corporation. Again, it was the Langers' responsibility to prove to the Tax Court that the fair rental value was more than the Commissioner calculated it to be. The only proof they offered at trial was Henry Langer's testimony. The Tax Court found his testimony unreliable. *Langer v. Commissioner*, T.C.Memo. 1992–46, at 13. This conclusion is not clearly erroneous. Because the Langers did not provide reliable evidence to rebut the presumption that the Commissioner's determination of the fair rental value was correct, the Tax Court correctly held the Langers did not carry their burden of proof.

### III.

In 1984, the Langers received a $7,500.00 settlement from their mortgage company and did not report it as income for that year. The IRS determined this was taxable income and subtracted $7,500.00 from the Langers' mortgage-interest deduction. At trial and on appeal, the Langers argue that this payment was an adjustment to the purchase price of their home and, therefore, not income for 1984. They contend that, rather than taxing them on the $7,500.00 in 1984, the IRS should deduct this amount from their basis in the house (thus deferring any tax until the house is sold). They also claim a $1,500.00 deduction for attorney's fees involved in the dispute with the mortgage company.

 The Tax Court found the $7,500.00 payment was not an adjustment to the purchase price of the house and was, therefore, taxable income for 1984. *Langer v. Commissioner*, T.C.Memo. 1992–46, at 14. The nature of the settlement payment, based upon the nature of the underlying claim, is a question of fact. The Tax Court found the Langers received the payment as settlement of a dispute with their mortgage company over the mortgage company's altering the terms of the mortgage. *Id.* This finding is not clearly erroneous. The Langers must include the $7,500.00 in their taxable income for 1984 because they failed to prove that it should be excluded.

The same holds true for the claimed deduction for attorney's fees. The Tax Court found the Langers failed to show how the amounts paid to their attorney could be allocated between the cost of buying the house and the cost of settling the dispute with the mortgage company. *Id.* Because they did not prove they are entitled to it, they may not claim the deduction.

### IV.

The Commissioner determined the Langers were liable for additions to tax for negligence in the payment of their taxes for all three years, under 26 U.S.C. § 6653(a), and for substantially understating the amount of tax owed in 1984, under 26 U.S.C. § 6661. The Tax Court's determination of negligence is a factual finding and must be sustained unless it is clearly erroneous. *Chase v. Commissioner*, 926 F.2d 737, 740 (8th Cir.1991). The record contains ample evidence to support the Court's finding. Also, a penalty for substantially understating the amount of tax owed is imposed if the understatement exceeds ten per cent. of the tax required, or $5,000.00. 26 U.S.C. § 6661(b)(1)(A). In 1984, the Langers understated their tax obligation by $8,698.00. *Langer v. Commissioner*, T.C.Memo. 1992–46, at 2. This amount is more than $5,000.00.

Affirmed.