T.C. Memo. 2000-359

UNITED STATES TAX COURT

KENNETH ANDREW BARATELLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8772-98.                    Filed November 22, 2000.

Kenneth Andrew Baratelle, pro se.

<u>Paul K. Voelker</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $13,282 and an accuracy-
related penalty, pursuant to section 6662(a),[1] of $2,656 for

_____

[1]All section references are to the Internal Revenue Code in
effect for the year in issue.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

1994.  Petitioner filed a petition seeking a redetermination of the deficiency and contesting his liability for the penalty.

Following concessions,[2] the issues for decision are:

(1) Whether petitioner may deduct Schedule C, Profit or Loss From Business, expenses in excess of those conceded by respondent; and

(2) whether petitioner is liable for the accuracy-related penalty.

Background

Prior to trial, the parties filed a "stipulation of facts", which did little more than outline the factual disputes remaining for trial and provide to the Court various written summaries of petitioner's litigating positions, and a supplemental stipulation of facts.  To the extent that the stipulations reflect agreement regarding material facts, those facts are summarized below and are found accordingly.

Petitioner resided in Henderson, Nevada, at the time he filed his petition in this case.

In March 1994, petitioner's employer, Mattel, terminated petitioner's employment.  At that time, petitioner, who had more than 20 years of manufacturing experience in the toy industry,

---

[2]Respondent also proposed adjustments for a State tax refund that petitioner allegedly received and to petitioner's exemptions and itemized deductions.  The parties agree that petitioner is not required to include any State tax refund in income and that the remaining adjustments are computational.

was earning a salary in excess of $243,000 per year. Following the termination of his employment, petitioner promptly began to look for an income source to replace his lost income. He ultimately decided to start a manufacturing consulting business, KAB Consulting, and did so in 1994. On Schedule C of his 1994 Federal income tax return, petitioner deducted expenses allegedly paid in connection with KAB Consulting.

Respondent audited petitioner's 1994 return and, in a notice of deficiency dated February 19, 1998, proposed adjustments disallowing all of petitioner's Schedule C deductions because petitioner failed to substantiate them. During the trial in this case, respondent modified his litigating position and conceded that the following adjustments to petitioner's Schedule C deductions were appropriate:

| Deduction | Claimed per return | Allowed | Disallowed |
|---|---|---|---|
| Advertising | $1,340 | $511 | $829 |
| Car and truck | 8,840 | -0- | 8,840 |
| Depreciation & Sec. 179 exp. | 10,260 | 3,205 | 7,055 |
| Insurance | 250 | 250 | -0- |
| Legal & prof. | 1,750 | 1,750 | -0- |
| Office expense | 200 | 200 | -0- |
| Repairs | 425 | 425 | -0- |
| Supplies | 660 | 660 | -0- |
| Travel | 3,182 | 2,451 | 731 |
| Meals & enter. $4,871 x 50% | 2,435 | [1]967 | 1,468 |
| Utilities (phone) | 635 | 635 | -0- |
| Wages | 2,340 | -0- | 2,340 |
| Total | $32,317 | $11,054 | $21,263 |

[1]Respondent conceded that petitioner substantiated meal and entertainment expenses of $1,933.62.  After applying the sec. 274(n) limitation, the correct deduction for meals and entertainment appears to be $967, not $911.  We have adjusted the figures above accordingly.

We address each of the remaining disputed adjustments and the applicable legal principles below.

In General

Ordinarily, a taxpayer is permitted to deduct the ordinary and necessary expenses that he pays or incurs during the taxable year in carrying on a trade or business.  See sec. 162(a).  A taxpayer is required to maintain records sufficient to establish the amount of his deductions.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

When a taxpayer establishes that he paid or incurred a deductible expense but does not establish the amount of the

deduction, we may estimate the amount allowable in some circumstances. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). There must be sufficient evidence in the record, however, to permit us to conclude that a deductible expense was paid or incurred in at least the amount allowed. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In estimating the amount allowable, we bear heavily upon the taxpayer whose inexactitude is of his or her own making. See Cohan v. Commissioner, supra at 544.

For certain kinds of business expenses, such as travel, meal, and entertainment expenses, and those expenses attributable to "listed property", section 274(d) overrides the rule of Cohan v. Commissioner. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Listed property includes any passenger automobile and any other property used as a means of transportation, under section 280F(d)(4)(A)(i) and (ii), unless excepted by section 280F(d)(4)(C) or (d)(5)(B).

Under section 274(d), a taxpayer must satisfy strict substantiation requirements before a deduction is allowable. See sec. 274(d); sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. If section 274(d) applies, we may not use the Cohan doctrine to estimate those expenses covered by that section.

Advertising Expenses

Petitioner claimed a deduction of $1,340 for advertising expenses on his 1994 Schedule C. At trial, petitioner contended that he was entitled to a larger deduction than that claimed on his Schedule C and presented a document entitled "Summary of 1994 Mktg. Expenses" showing total advertising expenses of $1,586.94.

Among the items listed on the summary were four purchases of personal clothing, totaling $563.71. The cost of personal clothing is not deductible, and petitioner so conceded at trial. See sec. 262; Donnelly v. Commissioner, 28 T.C. 1278, 1280 (1957), affd. 262 F.2d 411 (2d Cir. 1959).

Also included on petitioner's summary of his advertising expenses were the following items, which were paid by check:

| Date | Payee | Amount |
|---|---|---|
| 03/01/94 | CFLL | $50.00 |
| 03/18/94 | CFLL | 14.00 |
| 04/10/94 | Jewish Federation | 50.00 |
| 05/09/94 | Or Co Register | 32.09 |
| 06/08/94 | Jewish Federation | 75.00 |
| 08/18/94 | TCB Printers | 75.96 |
| 08/18/94 | TCB Printers | 40.00 |
| 08/22/94 | Cypress High | 60.00 |
| 08/22/94 | City of Cypress | 50.00 |
| 08/22/94 | Franklin Photo | 20.00 |
| 09/23/94 | Landell | 57.25 |
| 10/05/94 | Playthings | 24.00 |
| 10/05/94 | CSULB | 50.00 |
| 10/05/94 | City of Cypress | 65.00 |
| 11/05/94 | Or Co Register | 29.93 |
| 11/05/94 | City of Cypress | 15.00 |
| 11/05/94 | City of Cypress | 25.00 |
| 11/05/94 | City of Cypress | 40.00 |
| Total | | $773.23 |

The parties have agreed that the above checks were issued to the named payees in the amounts stated, and respondent has conceded that petitioner is entitled to deduct advertising expenses of $511.

Petitioner testified that most of the expenditures were for advertisements, business cards, brochures, and trade publications. Petitioner could not recall the purpose of some of the items such as the $20 expenditure to Franklin Photo, the $57.25 expenditure to Landell School, and the multiple expenditures to the City of Cypress on November 5, 1994. Petitioner did not introduce as evidence any advertisement, business cards, or other business items allegedly purchased with the listed checks.

Petitioner also claimed a miscellaneous cash amount of $250 to cover miscellaneous amounts that he allegedly spent but could not remember or substantiate. Petitioner conceded at trial that this amount was an estimate.

On this record, we conclude that respondent's concession of $511 for advertising is reasonable, and we sustain respondent's adjustment to petitioner's advertising expense deduction as modified.

Car and Truck Expenses

On his 1994 Schedule C, petitioner claimed a deduction for car and truck expenses in the amount of $8,840. In connection

with that deduction, petitioner stated in Part IV, Information on Your Vehicle, of his 1994 Schedule C that he placed his vehicle in service for business purposes on April 15, 1994, and that he subsequently drove the vehicle 21,500 miles, of which 15,500 were for business, 3,000 were for commuting, and 3,000 were for "other". At trial, petitioner contended that he is entitled to a larger deduction for car and truck expenses in the total amount of $9,981.01, as reflected on an exhibit entitled "Summary of 1994 Auto Expenses". Petitioner alleged that he drove 17,575 miles for business purposes and that the business use of his vehicle was summarized on an exhibit entitled "1994 Daily Log". Although petitioner admits that the entries in the daily log were not made contemporaneously, he contends that the daily log was reconstructed using contemporaneous notes that he filled out each time he traveled on business and then threw in a box. Petitioner did not introduce into evidence the notes he claims he kept in the box.

Respondent conceded on brief that petitioner used his automobile for business purposes and that he has documented business mileage of 336 miles. Respondent also conceded that petitioner substantiated the following automobile expenses:

| | |
|---|---|
| Lease payments | $4,521 |
| Insurance and lic. | 2,107 |
| Oil Max | 43 |
| Total | $6,671 |

After estimating petitioner's fuel expense, respondent conceded that petitioner is entitled to a deduction for car and truck expenses in the amount of $134.40.

Although we have no doubt that petitioner had more automobile expenses than those listed above and probably drove more business miles than respondent conceded, we agree petitioner's failure to substantiate his automobile expenses forecloses any greater deduction.  Section 274(d)(4) provides, in pertinent part, that no deduction or credit shall be allowed under section 162 with respect to any listed property (as defined in section 280F(d)(4)) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (a) The amount of such expense or other item, (b) the time and place of the use of the property, and (c) the business purpose of the expense or other item.

Section 1.274-5T(b)(6), Temporary Income Tax Regs., provides a more detailed statement confirming that a taxpayer must prove the following with respect to listed property: (a) The amount of each separate expenditure with respect to an item of listed property, such as the cost of lease payments, the cost of maintenance and repairs, or other expenditures, (b) the amount of each business use based on the appropriate measure (i.e., mileage for automobiles) and the total use of the listed property for the taxable period, (c) the date of the expenditure or use with

respect to listed property, and (d) the business purpose for an expenditure or use.

Petitioner simply did not comply with section 274(d). Petitioner did not maintain a contemporaneous diary, calendar, or mileage log of his business travel, and he has failed to prove that he otherwise made a record of the alleged business use of his automobile at or near the time of the use. He did not retain receipts for most of the expenses he claimed to have paid, and he did not establish the total business miles driven during 1994. Even after we gave petitioner the opportunity to produce additional records to respondent and the Court following trial, petitioner failed to take the necessary steps to supplement the record in this case.

On this record, we sustain respondent's adjustment to petitioner's car and truck expense deduction as modified.

Depreciation and Section 179 Expenses

On his 1994 Schedule C, petitioner claimed total deductions for depreciation and section 179 expense of $10,260. On Form 4562, Depreciation and Amortization, Part I, Election to Expense Certain Tangible Property (Section 179), petitioner described the property as "computer, fax, printer, furniture, desks, chairs, lamps" and claimed a cost of $10,260. Petitioner now contends that he is entitled to a greater section 179 deduction, as reflected on an exhibit entitled "Summary of 1994 179 Expenses".

That exhibit shows the following items:

| Date | Payee | Amount |
|------|-------|--------|

Checks:

| Date | Payee | Amount |
|------|-------|--------|
| 01/14 | Cerritos Trophy | $156.00 |
| 01/23 | Bradex | 32.74 |
| 02/05 | Bradex | 32.74 |
| 02/05 | Bradex | 30.74 |
| 02/05 | Matt's Glass & Mirror | 760.00 |
| 02/27 | Van Hygan & Smith | 41.42 |
| 03/13 | Bradex | 32.74 |
| 03/16 | Bradex | 30.74 |
| 04/04 | Circuit City | 1,040.38 |
| 04/04 | Circuit City | 153.85 |
| 04/04 | Fedco | 293.00 |
| 04/07 | Matt's Glass & Mirror | 800.00 |
| 04/19 | Bradex | 35.74 |
| 04/23 | Fedco | 880.00 |
| 05/09 | Bradex | 32.74 |
| 05/16 | Bradex | 32.74 |
| 05/16 | Bradex | 32.74 |
| 05/27 | Bradex | 30.74 |
| 06/24 | Bradex | 35.74 |
| 06/24 | Bradex | 96.69 |
| 07/03 | Bradex | 35.74 |
| 07/26 | Bradex | 32.74 |
| 07/26 | Van Hygan & Smith | 54.60 |
| 08/05 | Bradex | 32.74 |
| 08/12 | Bradex | 35.74 |
| 08/12 | Bradex | 35.89 |
| 08/22 | Bradex | 32.89 |
| 08/26 | Aaron Brothers | 48.35 |
| 09/02 | Bradex | 35.74 |
| 09/11 | Bradex | 43.79 |
| 10/14 | Bradex | 35.74 |
| 10/21 | Bradex | 35.89 |
| 11/21 | Van Hygan & Smith | 39.34 |
| 12/05 | Bradex | 32.89 |
| 12/05 | Bradex | 35.74 |
| 12/17 | Sheryl Davenport | 24.35 |
| 12/28 | Bradex | 35.89 |
|  | Misc. | 300.00 |

Charges:

| | | |
|---|---|---|
| 07/22 | Shelves & Cabinets | 377.10 |
| 07/29 | ADV Computer Systems | 2,321.76 |
| 08/04 | Service Merchandise | 140.00 |
| 08/16 | Office Depot | 5.38 |
| 08/16 | Office Depot | 345.00 |
| 09/26 | Office Depot | 16.13 |

Items purchased in 1993:

| | |
|---|---|
| Ken Crane | 652.95 |
| Wickes | 705.00 |
| Total | $10,725.81 |

The parties agree that petitioner is entitled to deduct, as section 179 expenses, the items listed as "Charges" above, the cost of which totals $3,205.37.

With respect to furniture purchased from Wickes totaling $705, the record shows that the furniture was purchased in 1993. Petitioner did not begin his consulting business until 1994. Section 179(d)(1) provides that the property must be acquired by purchase for use in the active conduct of a trade or business. Since petitioner was not engaged in his consulting business during 1993, the purchase price of the furniture is not deductible under section 179. See Reynolds v. Commissioner, T.C. Memo. 2000-20. Respondent conceded, however, that petitioner is entitled to a depreciation deduction of $121 for his Wickes furniture (basis--$705, salvage-$100, useful life--5 years).

Petitioner also claimed a section 179 deduction for the cost of a television, television stand, and VCR. Petitioner conceded

at trial that he did not use these items exclusively for business purposes. Section 1.179-1(d)(1), Income Tax Regs., provides that a section 179 expense deduction may be claimed only for the portion of the cost attributable to business use and that no such deduction is allowed if the business use is less than 50 percent. Petitioner claims that he used, and intended to use, the television and the VCR to make tapes, but he failed to show how much this equipment was used for business. Consequently, petitioner has not established that he is entitled to a deduction for the cost of these items under section 179. Respondent conceded, however, that petitioner is entitled to a depreciation deduction of $40 with respect to these items (basis--$1,377, salvage--$377, business use--20 percent, useful life--5 years).

Petitioner also claimed a section 179 deduction for payments to Cerritos Trophy, Matt's Glass & Mirror, Van Hygan & Smith, Aaron Brothers, and Bradex totaling $2,817.96. Petitioner contends these payments were for 25 decorative plates, identification plaques and frames for the plates, and a glass case to hold the plates. Respondent contends that petitioner has failed to demonstrate any business use for these items and that petitioner's claimed deduction for their cost should not be allowed. We agree that petitioner was required to substantiate the business use of these items and that petitioner failed to do so.

Finally, petitioner claimed a section 179 deduction for payments to Fedco and Sheryl Davenport and miscellaneous cash payments totaling $1,497.35. Petitioner could not recall the purpose of any of these payments and did not establish that the expenditures were deductible under section 179.

We sustain respondent's adjustment of petitioner's section 179 expenses and depreciation deductions as modified.

Travel Expenses

On his 1994 Schedule C, petitioner claimed a deduction for travel in the amount of $3,182. Petitioner now contends that he is entitled to a larger deduction for travel in the total amount of $5,433.16, as shown on an exhibit entitled "Summary of 1994 Travel Expenses". Respondent has conceded items totaling $2,450.54 and has disallowed the remaining items as follows:

Dog Boarding

| Date | Description | Amount |
|------|-------------|--------|
| 02/02/94 | Animal Inns of America | $77.25 |
| 05/02/94 | Animal Inns of America | 138.75 |

Airfare

| Date | Description | Amount |
|------|-------------|--------|
| 04/24/94 | American Airlines | 650.00 |
| 05/23/94 | United Airlines | 154.00 |

| 10/22/94 | American Airlines | 650.00 |
| 2/29/94 | Southwest Airlines | [1]6.00 |

## Lodging

| Date | Description | Amount |
| --- | --- | --- |
| 03/27/94 | Dana Inn & Marina | 128.62 |
| 04/30/94 | Hillcrest Motel | 53.50 |
| 12/03/94 | Radisson Hotel | 113.50 |

## Meals & Golf

| Date | Description | Amount |
| --- | --- | --- |
| 07/16/94 | Doubletree Hotel | 43.00 |
| 08/17/94 | Carlton Oaks | 58.00 |

## Other Items with Receipts

| Date | Description | Amount |
| --- | --- | --- |
| 04/25/94 | Bay Tree | 39.00 |
| 04/29/94 | Tee & Sea Resort | 44.00 |

## Passport Renewal

| Date | Description | Amount |
| --- | --- | --- |
| 03/18/94 | Passport Service | 65.00 |

## Traffic Fines and Towing

| Date | Description | Amount |
| --- | --- | --- |
| 07/26/94 | Barstow Traffic Court | 109.00 |
| 10/28/94 | Car Rental | [2]278.00 |
| 10/28/94 | MB Towing | 75.00 |

Miscellaneous Cash

| Date | Description | Amount |
|------|-------------|--------|
| | Miscellaneous | 300.00 |
| | Total | $2,976.62 |

[1]Petitioner's claimed expenditure was $150.  Respondent conceded $144.

[2]Petitioner agrees that this amount was not for car rental but was for a traffic fine.

Petitioner is not entitled to deduct amounts spent to board his dog.  See Estate of Beck v. Commissioner, 56 T.C. 297, 352 (1971) (expenses incurred to board taxpayer's dogs are nondeductible personal expenses).  Likewise, the cost of renewing petitioner's passport is a nondeductible personal expense.  See Wenz v. Commissioner, T.C. Memo. 1995-277 (passport renewal fees classified as nondeductible personal expenses).  Traffic fines and towing paid in connection with those fines also are nondeductible.  See sec. 162(f).

Respondent disallowed the balance of the contested items for failure to substantiate either the payment or the business purpose of the payment.  We agree that the items in question are subject to the strict substantiation requirements of section 274(d) and that petitioner has failed to satisfy them.

Petitioner claimed airfare but presented no documentation that he actually paid for the airfare.  While we do not doubt that petitioner flew to the places he described, there is no

credible evidence in the record to prove that petitioner paid for the airfare. Petitioner's airfare could have been paid by a third party or purchased with frequent flier mileage. On this record, we simply do not know what happened. Section 274(d) requires more substantiation than simply a taxpayer's testimony. See Langer v. Commissioner, T.C. Memo. 1990-268 (deduction for airfare disallowed without receipt), affd. 980 F.2d 1198 (8th Cir. 1992).

Likewise, petitioner had no receipts or other documentation to support his deduction of lodging, meals, and golf. These expenses also are subject to the requirements of section 274(d), and the requirements have not been met in this case. See also sec. 1.274-5T(b)(2) and (3), Temporary Income Tax Regs.

Although petitioner had receipts for expenditures at the Tee & Sea Resort and the Bay Tree, petitioner did not substantiate the nature of the expenditures or their business purpose. Petitioner claimed that the Bay Tree expense was for lodging, but this does not appear to be the case. Respondent already has conceded petitioner's lodging expenses of $547 for that trip. Petitioner offered no explanation for the Tee & Sea Resort expense.

We sustain respondent's adjustment to petitioner's travel expense deduction as modified.

Meals and Entertainment Expenses

On his 1994 Schedule C, petitioner claimed a deduction for meals and entertainment in the amount of $2,435, calculated as follows:

| | |
|---|---|
| Meals and entertainment | $4,871 |
| Less: 50% limitation of sec. 274 | (2,436) |
| Total deduction | $2,435 |

Petitioner now contends that he is entitled to a deduction for meals and entertainment of $1,770, calculated as follows:

| | |
|---|---|
| Meals and entertainment | $3,539 |
| Less: 50% limitation of sec. 274 | (1,769) |
| Total revised deduction | $1,770 |

Of the revised meals and entertainment expenses claimed by petitioner, respondent conceded that petitioner has substantiated meals and entertainment expenses of $1,933.62 before the 50-percent limitation of section 274(n) is applied. Respondent maintains that he has allowed a deduction for "substantially all of the items for which petitioner has presented documentary evidence, except for the cost of golfing."

We have reviewed the record, and we agree petitioner failed to substantiate the remainder of the items claimed. The remaining items fell into two categories--meals for which petitioner presented no documentation ($1,328.89) and golf expenses as to which petitioner failed to substantiate all of the elements required by section 274(d) ($323.60). Section 274(d) requires adequate documentation of a covered expense and its

business purpose. See <u>Moylan v. Commissioner</u>, T.C. Memo. 1968-15 (expenses of golf outings disallowed where taxpayer did not show direct relationship between expense and conduct of business); sec. 1.274-5T(b)(3), Temporary Income Tax Regs.

We sustain respondent's adjustment to petitioner's meals and entertainment expense deduction as modified.

Wage Expense

On his 1994 Schedule C, petitioner claimed a deduction for wages in the amount of $2,340. The items allegedly included in calculating the deduction were listed on an exhibit entitled "1994 Wage Expenses". Petitioner contends that he paid various people amounts from $30 to $250 for clerical and research work and for computer training.

Petitioner did not maintain any documentation regarding the alleged wage payments. Although he claimed that he made the payments in cash, he did not obtain any receipts for the payments.

The record is devoid of any credible evidence substantiating the alleged wage payments. As a businessperson, petitioner surely knew that he was required to substantiate his business deductions. Petitioner failed to offer any evidence other than his own testimony to prove that he actually made the wage payments. We are not required to accept a taxpayer's self-serving and uncorroborated testimony. See <u>Wood v. Commissioner</u>,

338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Since we are unwilling to accept petitioner's testimony without some corroboration on this issue, we sustain respondent's adjustment disallowing petitioner's wage deduction.

### Accuracy-Related Penalty

Respondent has proposed an accuracy-related penalty against petitioner for 1994 under section 6662(a).  Section 6662(a) authorizes respondent to impose a penalty in an amount equal to 20 percent of the portion of the underpayment attributable to negligence or disregard of rules or regulations.  Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of * * * [the Internal Revenue Code]".  Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonable and prudent person would do under the circumstances).  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  See sec. 1.6662-3(b)(1), Income Tax Regs.  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation.  See sec. 1.6662-3(b)(2), Income Tax Regs.  A

taxpayer is not liable for the penalty if he shows that he had reasonable cause for the underpayment and that he acted in good faith.  See sec. 6664(c).

Petitioner failed to maintain adequate records to substantiate the deductions he claimed on his 1994 Schedule C. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  He offered no evidence at trial to explain this failure.  Accordingly, we hold that petitioner is liable for an accuracy-related penalty under section 6662(a) for 1994 in an amount to be calculated in accordance with this opinion.

To reflect the foregoing,

Decision will be entered under Rule 155.