T.C. Memo. 2017-92

UNITED STATES TAX COURT

HENRY LANGER AND PATRICIA LANGER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22719-15.                    Filed May 30, 2017.

<u>Thomas Edward Brever</u>, for petitioners.

<u>Christina L. Cook</u> and <u>John Schmittdiel</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent issued a notice of deficiency to petitioners

determining deficiencies in income tax and fraud penalties as follows:[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the taxable years at issue, and all Rule references are to

(continued...)

[*2]

| Year | Deficiency[1] | Penalty sec. 6663(a) |
|------|------------|----------------------|
| 2011 | $36,595 | $27,446.25 |
| 2012 | 27,386 | 20,539.50 |
| 2013 | 33,689 | 25,266.75 |

[1]The amounts referred to herein reflect an agreement by the parties to revised deficiencies in Federal income tax as reflected on Form 5278, Statement--Income Tax Changes, and are less than respondent's initial determinations in the notice of deficiency.

Petitioners conceded in full the deficiencies for tax years 2011-13. The only issue for decision is whether petitioners are liable for fraud penalties under section 6663 for tax years 2011-13.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Minnesota when the petition was timely filed.

Henry Langer was an Internal Revenue Service revenue agent for over 29 years and received training in determining allowable business expense deductions; he was also a certified forensic examiner. Petitioners have a history of claiming

[1](...continued)
the Tax Court Rules of Practice and Procedure.

[*3] business expense deductions for obvious personal expenses and expenses they could not substantiate. See, e.g., Langer v. Commissioner (Langer I), T.C. Memo. 2008-255, 96 T.C.M. (CCH) 334, 339 (2008) ("[P]etitioners claimed as business expense deductions many obviously personal items. A former Internal Revenue Service agent should have known better." (Emphasis added.)), aff'd without published opinion, 378 F. App'x 598 (8th Cir. 2010); Langer v. Commissioner (Langer II), T.C. Memo. 1992-46, 63 T.C.M. (CCH) 1900 (1992), aff'd, 989 F.2d 294 (8th Cir. 1993); Langer v. Commissioner (Langer III), T.C. Memo. 1990-268, 59 T.C.M. (CCH) 740, 746 (1990) (holding petitioners liable for an addition to tax under section 6653(a) for negligence because petitioners' conduct suggested a "pattern of carelessness" and because petitioners used methods for determining deductions that had "no basis in the law"), aff'd, 980 F.2d 1198 (8th Cir. 1992).

Respondent disallowed $113,194, $67,186, and $84,087 of petitioners' claimed deductions on Schedules C, Profit or Loss From Business, for 2011-13, respectively, as personal expenses; many of petitioners' claimed and disallowed expense deductions were identical to those disallowed as personal expenses in Langer I and Langer II, including expenses for parties, gifts, flowers, vases, and holiday decorations, to name a few.

**[*4]**                                                    OPINION

The Commissioner must establish by clear and convincing evidence that, for each year at issue, an underpayment of tax exists and that some portion of the underpayment is due to fraud. Secs. 6663(a), 7454(a); Rule 142(b). The Commissioner must show that the taxpayer intended to conceal, mislead, or otherwise prevent the collection of taxes. Katz v. Commissioner, 90 T.C. 1130, 1143 (1988). The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971).

Petitioners conceded in full the deficiencies for 2011-13, and therefore respondent satisfied his burden of proving an underpayment of tax for each year at issue. Respondent established that, for each year at issue, petitioners' underpayment of tax was fraudulent and that they intended to conceal taxable income and prevent the collection of tax by overstating deductions and claiming nondeductible and obvious personal expenditures as business expenses. See Rahall v. Commissioner, T.C. Memo. 2011-101, 101 T.C.M. (CCH) 1486, 1492 (2011) ("An additional badge of fraud includes a taxpayer disguising nondeductible personal expenditures as business expenses."). Mr. Langer's nearly 30 years of experience as a revenue agent and petitioners' history before this Court for identical issues are relevant considerations in determining whether they had

[*5] fraudulent intent.  See Beaver v. Commissioner, 55 T.C. 85, 93-94 (1970) (stating that petitioner's business experience is a relevant consideration in determining whether he had fraudulent intent).  Petitioners' repeated concealment of income by overstating deductions exemplifies a pattern of fraudulent behavior, and their explanations are implausible and unpersuasive.  See McGraw v. Commissioner, 384 F.3d 965, 971 (8th Cir. 2004) ("[A] consistent pattern of sizeable underreporting of income * * * and unsatisfactory explanations for such underreporting also can establish fraud."), aff'g Butler v. Commissioner, T.C. Memo. 2002-314; Sanchez v. Commissioner, T.C. Memo. 2014-174, at *17 (stating that "a pattern of conduct that evidences an intent to mislead" is one of the "badges of fraud" from which fraudulent intent can be inferred), aff'd, ___ F. App'x ___, 2016 WL 7336626 (9th Cir. Dec. 19, 2016); Bruce Goldberg, Inc. v. Commissioner, T.C. Memo. 1989-582, 58 T.C.M. (CCH) 519, 529 (1989) ("[F]raud may sometimes be inferred from a pattern of overstating deductions.").  Accordingly, petitioners are liable for the fraud penalties under section 6663 for all years at issue.

**[\*6]**   To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.